IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ANNE FERRIS,

    Plaintiff,

v.                                    CASE NO. 1:08-cv-00039-SPM-AK

ROLLINS COLLEGE INC., a Florida
non-profit corporation,

    Defendant.

_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

THIS CAUSE comes for consideration upon Defendant Rollins College Inc.'s motion to dismiss Plaintiff's Complaint for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1391(a) or, in the alternative, Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  Doc. 6.  Defendant's motion is accompanied by an affidavit.  Doc. 6, ex. 1.  Plaintiff filed a response to Defendant's motion and sought Rule 11 sanctions for what Plaintiff alleged to be a misleading and incomplete affidavit.  Doc. 7.  Plaintiff's reply also requested a stay pending limited discovery.  Doc. 7.  Both parties filed memoranda of law in

accordance with local rule 7.1(A).  Docs. 6, 7.  Defendant also filed, in accordance with local rule 7.1(C)(2), a reply memoranda.  Docs. 12, 13.  For the reasons set out below, the Court will transfer this case pursuant to 28 U.S.C. § 1406(a).  The Court will deny Plaintiff's request for limited discovery and Rule 11 sanctions.

**FACTUAL BACKGROUND**

Plaintiff alleges she was injured during a visit to Rollins College on May 10, 2004, when she tripped down a flight of stairs.  Complaint ¶¶ 7-11.  Plaintiff was subsequently treated in Orlando for one day, and then in Colorado, where Plaintiff is a resident.  Doc. 7.  The accident occurred in Orlando, which is within the Middle District for Florida.

Plaintiff contends that Defendant is subject to general jurisdiction in the Northern District of Florida based on the following:

<u>Defendant Participates in Events located in the Northern District</u>

- Defendant sends newsletters to alumni located in this District

- Defendant attends meetings in this District

- Defendant sends its sports teams to this District

<u>Defendant is a Member of College-Related Organizations that are Funded by Taxpayers who Reside in the Northern District</u>

- Florida taxpayers, including those in this District, fund the Florida Resident Access Grant (FRAG)

- Defendant is a member of the Florida Campus Compact, which is located

in this District and is partially funded by taxpayers from this District

<u>Defendant is a Member of College-Related Organizations that have Offices in the Northern District</u>

- Defendant is a member of the Independent College & Universities of Florida (ICUF), which is located in this District.  It is a diverse association of 28 private, educational institutes around Florida.

- Defendant is a member of the Florida Independent College Fund (FICF), which is located in this District.  The FICF provides scholarships and assistance to thousands of students, including those in this District.  FICF also recruits new teachers in this District.

- Defendant is a member of the Florida Sports Foundation, which is located in this District.

- Defendant is a member of the Florida Campus Compact, which is located in this District

<u>Defendant Interacts with State Agencies that are Located in the Northern District</u>

- Defendant is registered and authorized to do business by Florida's Secretary of State and files its annual reports with the Secretary of State

- Defendant's programs in education are accredited by Florida's Department of Education

<u>Defendant Receives State Financial Assistance and the Assistance Benefits Students in this District</u>

- Defendant receives student financial assistance from the Florida Department of Education

- FRAG is a tuition assistance grant created by the Florida Legislature in this District that helps increase opportunities, including those in this District, to seek a college degree, including from Defendant

- Defendant is an eligible college in the Florida Prepaid College Plan, which is a state-wide, statutory program that is available to qualified families in this District

Defendant asserts in its affidavit that its principal and only place of business is in the Middle District and all its employees, representatives, and agents are located in the Middled District.  Doc. 6, ex. 1.  Defendant further asserts that its only contact with the Northern District is sending admission personnel to college fairs, sending newsletters to alumni, and sending a small number of sports teams to the Northern District.  Id.  In Defendant's reply, Defendant provides a legal memorandum showing why Plaintiff's aforementioned theories for jurisdiction fail to establish the requisite "minimum contacts" (doc. 13).

**LEGAL ANALYSIS**

Plaintiff relies on 28 U.S.C. § 1391(a)(1) (2006)  to assert jurisdiction in the Northern District.   Section 1391(a) states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) *a judicial district where any defendant resides, if all defendants reside in the same State*, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

(emphasis added).  When a defendant is a corporation, the term "resides" is further defined by Section 1391(c).  Section 1391(c) states:

> For purposes of venue under this chapter, a defendant that is a

corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State*, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

(emphasis added). Thus, because Florida has more than one judicial district, Plaintiff's action can be brought in the Northern District only if Defendant has sufficient contacts to be subject to personal jurisdiction in the Northern District. The issue of venue is a question of federal law and is not determined by state law. This, in turn, implicates the "minimum contacts" analysis articulated by Int'l Shoe Co. v. State of Washington, 326 U.S. 310 (1945) and its progeny: Hanson v. Denckla, 357 U.S. 235 (1958); Shaffer v. Heitner, 433 U.S.186; World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980); and Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). "No easily-administered formula exists by which to measure whether the defendant's contacts are sufficient to sustain jurisdiction. Rather, the jurisdictional issue must be resolved on a case-by-case basis, noting in each the particular activities relied upon by the resident plaintiff as providing the supposed basis for jurisdiction." Envtl. Research Intern., Inc. v. Lockwood Greene Eng'rs, Inc., 355 A.2d 808, 811 (D.C. 1976).

The accident that resulted in Plaintiff's injury occurred in the Middle

District.  Both parties agree there is no basis for specific jurisdiction in this District.  Accordingly, the inquiry is whether Defendant has sufficient contacts with the Northern District to subject Defendant to its general jurisdiction. "General personal jurisdiction arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a showing of *continuous and systematic* general business contacts between the defendant and the forum state." Consol. Dev. Corp. v. Sherritt, Inc., 216 F.3d 1286, 1292 (11th Cir. 2000) (emphasis added); Delong Equip. Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 844 (11th Cir. 1988).  Thus, "[t]hese contacts must be so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities." In re Farmland Indus, Inc., 2007 WL 1018367, *3 (M.D. Fla. 2007).

Plaintiff alleges that Defendant should be subject to general jurisdiction in this District because Defendant participates in events located in the Northern District.  However, the contacts alleged by Plaintiff are the result of a college's general participation in the type of inter-district activity which any prominent educational institution would engage.  See Gallant v. Trs. of Columbia Univ. in City of N.Y., 111 F.Supp.2d 638, 641 (E.D. Pa. 2000).  Defendant's participation

in sporting events in this District does not establish a sufficient nexus with this forum: the Plaintiff has not produced any evidence suggesting that Defendant's athletic activities are focused on this District rather than a general involvement in collegiate sports that includes events in this District.  See id. at 642; see also Stainbrook v. Kent, 771 F.Supp. 988, 990 (D. Minn.1991) (holding that Louisiana State University's participation in basketball tournament in Minnesota did not subject it to personal jurisdiction in that state).  Plaintiff also alleges that Defendant's faculty and employees regularly travel to this District to attend conferences.  However, as in the case of athletic events, Plaintiff has not produced any evidence that suggests that Defendant or its employees have singled out this District as opposed to generally participating in academic activities that may take place in this District.  See id.  Moreover, although Defendant maintains contact with current students and alumni within this District, these contacts are insufficient to constitute the continuous and systematic contacts which give rise to general jurisdiction.  See Norris v. Okla. City Univ., 1993 WL 313122, *2 (N.D. Cal.1993).

Plaintiff alleges that Defendant should be subject to general jurisdiction in this District because Defendant is a member of college-related organizations that have offices in the Northern District.  However, simply being a member of an organization that has its principal place of business in this District, without a

showing of Defendant's continuous and systematic contacts with this organization, is insufficient to confer general jurisdiction.   Such a theory of jurisdiction would subject a corporation to jurisdiction in forums merely based on membership.  This policy would create the result of discouraging membership in foundations, charities and other federal and state programs.  Plaintiff has not alleged any basis to show that Defendant has singled out the Northern District as opposed to generally participating in inter-district academic programs.

Plaintiff alleges that Defendant should be subject to general jurisdiction in this District because Defendant is a member of college-related organizations that are funded by taxpayers who reside in the Northern District.   In accord with the Third Circuit, the fact that a college may derive some percentage of its revenues from residents in a particular forum does not subject that college to in personam jurisdiction.  See Gehling v. St. George's School of Med., Ltd., 773 F.2d 539, 543 (3rd. Cir. 1985); see also Park v. Oxford Univ., 35 F.Supp.2d 1165, 1167 (N.D. Cal. 1997) (holding that the fact that Oxford solicits money from California residents as an important form of fund-raising is insufficient to confer general jurisdiction).  Plaintiff's theory of jurisdiction would subject Defendant to jurisdiction in any forum, especially because most colleges are also members of organizations that are funded from federal taxes.

Plaintiff alleges that Defendant should be subject to general jurisdiction in

this District because Defendant interacts with state agencies that are located in this District and Defendant receives state financial aid from state agencies in this District.  Although the Eleventh Circuit has not specifically addressed whether interaction with state agencies is sufficient to confer jurisdiction, the District of Columbia has held that dealings with federal instrumentalities is not grounds to confer jurisdiction.  "To permit our local courts to assert personal jurisdiction over nonresidents whose sole contact with the District consists of dealing with a federal instrumentality not only would pose a threat to free public participation in government, but also would threaten to convert the District of Columbia into a national judicial forum."  Envtl. Research Intern., 355 A.2d at 813.  Accordingly, the District of Columbia held that jurisdiction may not be grounded on a non-resident's "getting information from or giving information to the government, or getting the government's permission to do something."  Inv. Co. Inst. v. U.S., 550 F.Supp. 1213, 1216-17 (D.D.C. 1982).  Other circuits, including the Second Circuit, have adopted the District of Columbia's "government contacts rule."  The Second Circuit held that "[a]lthough this "government contacts" rule is based in part on the constitutional right "to petition the Government for redress of grievances-a right not implicated here-it also appears to be based on non-constitutional policy considerations, such as the Judiciary's reluctance to interfere with the smooth functioning of other governmental entities." Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione

Straordinaria, 937 F.2d 44, 51-52 (2d Cir. 1991) (citations omitted).  This Court will adopt the "government contacts rule" established by the courts in the District of Columbia.  Otherwise, any person or entity who interacts with the state government would be subject to suit in the Northern District.  Such a result would deter persons or entities from interacting with the government.

In noting each particular activity relied upon by Plaintiff to provide the supposed basis for jurisdiction, this Court finds that Plaintiff's contacts with this District are not continuous and systematic contacts requisite to a finding of in personam general jurisdiction. Plaintiff's request for limited discovery is also denied since, even if Plaintiff discovered its listed items (doc 7, pg. 9), such discovery would be inconsequential to the "minimum contacts" analysis.

## THE INTEREST OF JUSTICE FAVORS TRANSFER

The net result is that there are insufficient contacts necessary for general jurisdiction in this case.  While this finding would ordinarily be grounds for the Court to grant Defendant's Motion to Dismiss, the Court observes that under 28 U.S.C. § 1406(a) it may, if a civil action is commenced in the wrong district, transfer the case to any district in which it could have been brought.[1]  In applying § 1406(a), "the

---

[1] Because venue is improperly laid in this Court, transfer of this case is necessarily informed by 28 U.S.C. § 1406(a) rather than 28 U.S.C. § 1404(a). Story v. Purdy, 2006 WL 2374841, *4 (S.D. Ala. 2006).  Section 1404(a) presupposes that the district where the case is filed is a less convenient, yet proper, district to pursue the action; here, as heretofore established, venue is improperly laid in this district and,

decision whether to transfer a case is left to the sound discretion of the district court and is reviewable only for an abuse of that discretion."  Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 985 (11th Cir.1982); Minnette v. Time Warner, 997 F.2d 1023, 1026 (2nd Cir.1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). Generally, the interests of justice favor transferring a case to the appropriate judicial district.  See Boutwell v. Advance Const. Services, Inc., 2007 WL 2988238, *2-3 (S.D. Ala. 2007); Spherion Corp. v. Cincinnati Financial Corp., 183 F.Supp.2d 1052, 1059-60 (N.D. Ill. 2002) ("Transfer is ordinarily in the interest of justice because dismissal of an action that could be brought elsewhere is time consuming and may be justice-defeating.") (internal quotations and citations omitted); Yurman Designs, Inc. v. A.R. Morris Jewelers, 60 F.Supp.2d 241 (S.D.N.Y. 1999) ("Dismissal is a severe penalty, and courts will ordinarily transfer a case when proper venue can be

---

therefore, transfer of the case is governed by § 1406(a).  See Id. at n.5.  See Dubin v. United States, 380 F.2d 813, 816 (5th Cir.1967) ("In substance, § 1404 is the statutory enactment of the doctrine of forum non conveniens tempered to allow transfer rather than dismissal.  By contrast, § 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there."); Ford v. Supreme Court of Florida, 2006 WL 1382075, *6 n.15 (M.D. Fla. 2006) ("28 U.S.C. § 1406(a) . . . governs actions filed in an improper venue[ ] as opposed to § 1404(a), which governs actions filed in [a] permissible yet inconvenient venue."); Thornton v. Toyota Motor Sales, U.S.A., Inc., 397 F.Supp. 476, 477 (N.D. Ga. 1975) ("Since venue is improper in this court, transfer under 28 U.S.C. § 1404(a) is foreclosed. . . . Therefore, the question now becomes whether the case should be dismissed or transferred under 28 U.S.C. § 1406(a) . . . .").

determined.") (citations omitted); NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F.Supp.2d 317, 319 (D.N.J. 1998) ("Dismissal is considered to be a harsh remedy . . . , and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy."). Transfer is to be preferred especially where, as here, the statute of limitations will otherwise have run. See, e.g., Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77 (2nd Cir.1978). The Court opts for that remedy in the present case and will accordingly transfer the proceedings to the Middle District of Florida, the Federal Court in which Defendant is located.

**RULE 11 MOTION FOR SANCTIONS**

Plaintiff alleges that Defendant's counsel attached a misleading affidavit and filed a motion that lacked any good faith in violation of Rule 11 (doc. 7). Rule 11 allows courts to impose appropriate sanctions when an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. See Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002). A motion for Rule 11 sanctions must be made separately from other motions and prior to filing a Rule 11 sanctions motion, the movant must serve a safe harbor notice on her opponent and the failure to timely serve such notice makes such sanctions unavailable. See Torres v. City of Orlando, 264 F.Supp.2d 1046, 1053 (M.D. Fla. 2003), aff'd, 88 Fed. Appx. 391 (11th Cir. 2003); Fed. R. Civ. P. 11(c)(1)(A) ("A motion for sanctions under this rule shall be made separately from

other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.").

In this case, Plaintiff's request for sanctions is without merit. Plaintiff also did not follow the procedural requirements to request sanctions, such as filing a separate motion with the Court. Accordingly, Plaintiff's request for sanctions is denied. Based on the foregoing, it is hereby

ORDERED AND ADJUDGED:

1. Defendant's motion to dismiss (doc. 6) is denied.

2. Plaintiff's motion for leave to file amended complaint (doc. 8) is denied as moot since venue is not established even when the additional well-pleaded allegations are considered.

3. Pursuant to 28 U.S.C. § 1406(a), this action is transferred to the United States District Court for the Middle District of Florida for further proceedings.

DONE AND ORDERED this 9th day of October, 2008.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

1:08-cv-00039-SPM-AK